UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALMA VAQUERA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )   Civil Action No.  SA-07-CA-815-XR |
| | ) |
| SERENE LODGING, INC. D/B/A BEST WESTERN AND FREEMAN ADMINISTRATIVE SOLUTIONS | ) ) ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Plaintiff alleges that on September 12, 2005, while in the course and scope of her employment at the Best Western Ingram Park Inn, she sustained serious injuries as a result of Defendant Best Western's negligence. Specifically, Plaintiff avers she was instructed by her employer to transport an oversized amount of goods from one area of the hotel property to another when she fell on a large rock left in the pathway by another Best Western employee and was injured.

After sustaining her injury, Plaintiff complains that Defendants failed to advise her that she was covered by an Occupational Injury Benefit Plan, which Freeman Administrative Solutions purportedly administers. Plaintiff pleads that Defendants possessed a duty to provide her with a copy of the plan and inform her of her rights under it. Failure to do so, according to Plaintiff, led to her incurring substantial medical bills and additional injury.

In sum, Plaintiff alleges 1) that Defendant Best Western possessed a duty to provide a safe work environment and that its actions and/or omissions resulted in a breach of that duty, and 2) that

both Defendants had a fiduciary duty to provide her with certain information regarding the plan, which they failed to disclose.

Defendants deny these claims and removed the case to this Court on the grounds of federal question jurisdiction, asserting that Plaintiff's plan-related claim is preempted by the Employee Retirement Income Security Act of 1974 (ERISA). According to Defendants, the plan at issue is an ERISA plan, meaning Plaintiff's challenge to Defendants' adherence to it is covered by ERISA, a federal law. Because the Court purportedly has jurisdiction over the ERISA claim, Defendants ask that it exercise supplemental jurisdiction over the state law cause of action.

Plaintiff challenged the removal and filed a motion to remand (Docket No. 5), which Defendants opposed. For the reasons set forth below, Plaintiff's motion is DENIED.

**Analysis**

It is undisputed that Plaintiff's tort claim against Defendant Best Western for failing to provide a safe working environment is exclusively a state law claim. Thus, the focus of dispute in this motion is on the plan-related claim. Plaintiff contends that "Defendants possessed a duty to provide [her] with a copy of the plan and inform her of her rights under this plan."[1]

The first question is whether in fact there is a plan. For this inquiry, "a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."[2] The

---

[1] Plaintiff's Original Petition at 2.

[2] Hansen v. Continental Insurance Company, 940 F.2d 971, 977 (5th Cir. 1991).

affidavit of Atul Patel[3] along with the terms of the Occupational Injury Benefit Plan establish that these requirements have been met.

The next question is whether the plan is an ERISA plan. Such plans are 1) established or maintained by an employer or employee organization, as opposed to by individual employees, 2) "with a purpose of providing certain benefits to [the] employees."[4]

As for whether "an employer established or maintained an employee benefit plan, the court should focus on the employer and its involvement with the administration of the plan."[5] In other words, "if an employer does no more than purchase insurance for her employees, and has no further involvement with the collection of premiums, administration of the policy, or submission of claims, she has not established an ERISA plan."[6]

In this case, the affidavit of Atul Patel attests that Serene Lodging established the Occupational Injury Benefit Plan and utilizes the services of a full-time administrator to administer the plan and handle the submission of claims. Such extensive connection between employer and plan certainly exceeds the requirement to show "some meaningful degree of participation by the employer in the creation or administration of the plan."[7]

---

[3] Mr. Patel asserts that "employees of the Best Western Ingram Park Inn motel are notified of the existence of the Occupational Injury Benefit Plan by way of a notice posted on a wall where employees clock in and out at the beginning and end of each shift . . . The notice is posted in both English and Spanish."

[4] *Hansen*, 940 F.2d at 977-8.

[5] *Id*. at 978.

[6] *Id*.

[7] *Id*.

As for the requirement that the plan be maintained to provide benefits to employees, Mr. Patel's affidavit states the "Occupational Injury Benefit Plan was established . . . for the intent and purpose to provide benefits to employees." Furthermore, according to Mr. Patel, Defendant Serene Lodging, Inc. contributes to the plan by paying its entire annual premium. The employees do not contribute to the annual premium, nor is there participation in the plan voluntary.

Relying on Mr. Patel's affidavit and the terms of the plan, the Court finds that the plan at issue is an ERISA plan.

ERISA is "a comprehensive federal scheme designed to protect the participants and beneficiaries of employee benefit plans."[8] It supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[9] Thus, the remaining inquiry for the Court is to determine whether the legal basis for Plaintiff's claim alleging Defendants failed to provide her with a copy of the plan and inform her of her rights under it relates to an ERISA plan.

Plaintiff avers that "Defendants had a fiduciary duty to provide Plaintiff with the required information regarding the plan."[10] What Plaintiff fails to establish is the source of that fiduciary duty. She claims Defendants have a common law duty to alert her to the existence and terms of an Occupational Injury Benefit Plan that Defendants voluntarily established for their employees, but she provides no legal support for the existence of such a duty.

Instead, the Court finds that the only basis for Plaintiff's claim concerning disclosure of

---

[8] Hernandez v. Jobe Concrete Products, Inc., 282 F.3d 360, 362 (5th Cir. 2002).

[9] 29 U.S.C. 1144(a).

[10] Plaintiff's Original Petition at 3.

plan information is ERISA itself. Plaintiff's rights to disclosure of pertinent ERISA plan information are covered by ERISA law.[11] Because ERISA is a federal law, this Court has federal question jurisdiction.[12]

As for Plaintiff's state law claim for negligence in failing to maintain a safe workplace, this Court has the authority to exercise supplemental jurisdiction over it. According to the Fifth Circuit, "even though we have previously held negligence claims against employers do not relate to ERISA plans,[13] once a claim is properly removed, the federal court can exercise supplemental jurisdiction over a non-related claim pursuant to 28 U.S.C. § 1367(a)."[14]

For the reasons set forth above, the Court DENIES Plaintiff's motion to remand (Docket No. 5).

It is so ORDERED.

SIGNED this 31st day of January, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[11] *See* 29 U.S.C. 1024(b)(4) and 29 U.S.C. 1132(c)(1).

[12] *See* 28 U.S.C. 1331 and 29 U.S.C. 1132(e).

[13] The holding in this Order is consistent with the Fifth Circuit's opinion in *Hook v. Morrison*, 38 F.3d 776 (5th Cir. 1994), which found that an employee's negligence claim alleging a failure by the employer to maintain a safe workplace was not preempted by ERISA, even though the employer provided employees with a workers' compensation-like ERISA plan. Jurisdiction here is not based on Plaintiff's claim averring Defendants failed to maintain a safe workplace. It is based on her claim asserting Defendants failed to disclose plan information, a claim based solely on ERISA law.

[14] *Hernandez*, 282 F.3d at 362, n. 3.